Louis Pilie and others, Testamentary Executors of Lucien G. Hiligsberg *v.* The Citizens Bank of Louisiana.

An executor cannot grant a mortgage on any part of his testator's estate ; nor can a Probate Court authorize him to do so, though for the purpose of releasing other property of the succession, already mortgaged, with the view to sell it.

Appeal from the District Court of the First District, *Buchanan,* J.

Martin, J.  The bank is appellant from the decision of the District Court on an application for a *mandamus,* commanding it to suffer that a mortgage, given to it by the plaintiffs' testator on certain property, be transferred to other property of the estate of equal or greater value, the estate having an interest to dispose of the mortgaged premises.

It appears to us that the court erred.  No law authorizes an executor to grant a mortgage on any part of the testator's estate, and it would be dangerous for the courts to grant such a power.  If it is to be exercised, the legislature ought to give it. Our jurisprudence requires that successions should be settled with celerity, and that administrators should not be allowed to retain the management of them indefinitely.  Most of them would find it to their interest to keep for a long the management confided to them, and few would be the cases in which it would not be easy to contend that obtaining money by mortgage, and endeavoring to pay the *debts* out of the revenues of the estate would be more advantageous to the heirs and creditors, than to dispose of any part of it by a sale.  Courts of Probate, from whom authority to mortgage would be asked, would seldom have the time, inclination and means to act with safety, in granting or refusing the authority ; and, in case it was improvi-

dently given, there would seldom be a party ready to solicit the interposition of this court.

It is, therefore, ordered and decreed, that the judgment be avoided and reversed, and that ours be for the defendants, with costs in both courts.

*Bodin, Bernard* and *Roselius*, for the plaintiffs.

*Denis* and *Pitot*, for the appellants.